UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| LORAN-DAX SANT, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:22-cv-02647 (UNA) |
| | ) | |
| COLORADO STATE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

Plaintiffs filed this matter on August 31, 2022, by filing a *pro se* complaint, ECF No. 1. Upon review, on October 28, 2022, the court ordered plaintiffs to file an amended complaint in compliance with Federal Rule of Civil Procedure 10(a) and D.C. Local Civil Rule 5.1(g), among other parameters. *See* Order, ECF No. 4. Plaintiffs have since responded to that order, and currently pending before this court are plaintiffs' second amended complaint, ECF No. 6, and applications for leave to proceed *in forma pauperis* ("IFP"), ECF Nos. 2–3. For the reasons explained below, the court will grant plaintiffs' IFP applications and dismiss the second amended complaint for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action "at any time" it determines that subject matter jurisdiction is wanting).

Plaintiffs, both residents of Colorado, sue the Colorado Attorney General, the Governor of Colorado, and the "State Municipal Corporation of Colorado." Plaintiffs allege that defendants have breached a contract by ignoring their administrative claim and by failing to investigate and then "settle or litigate [plaintiffs' claimed] damage redress," through Colorado's State Office of Risk Management. They seek compensatory and punitive damages.

The subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332.  Under those statutes, federal jurisdiction is available only when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $75,000.  "For jurisdiction to exist under 28 U.S.C. § 1332, there must be complete diversity between the parties, which is to say that the plaintiff may not be a citizen of the same state as any defendant." *Bush v. Butler*, 521 F. Supp. 2d 63, 71 (D.D.C. 2007), citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978).

First, plaintiffs have raised a breach of contract claim against state actors, which does not constitute a federal question of any kind.  Such a claim should be properly raised in Colorado's local state courts.  Second, plaintiffs have failed to establish diversity jurisdiction because all parties are located in Colorado, thereby defeating complete diversity.  Finally, even if plaintiffs had established subject matter jurisdiction, venue is improper in this District.  Venue in a civil action is proper only in (1) the district where any defendant resides, if all defendants reside in the same state in which the district is located, (2) in a district in which a substantial part of the events or omissions giving rise to the claim occurred (or a substantial part of the property that is the subject of the action is situated), or (3) in a district in which any defendant may be found, if there is no district in which the action may otherwise be brought.  *See* 28 U.S.C. § 1391(b); *see also* 28 U.S.C. § 1406(a) (providing dismissal for improper venue).  Here, none of the parties are located in the District of Columbia, and there is no connection between plaintiffs' claim and this District.

For all of these reasons, the court dismisses the second amended complaint, and this matter, without prejudice.  An order consistent with this memorandum opinion is issued separately.

Date:  December 23, 2022

AMY BERMAN JACKSON
United States District Judge